THOMAS FLYNN, APPELLANT, V. EDWARD RILEY ET AL., APPELLEES.

FILED SEPTEMBER 19, 1900.    No. 9,237.

1. **Homestead:** ABANDONMENT: QUESTION OF FACT. Whether one has actually abandoned a homestead is a question of fact to be determined from all the evidence pertinent.

2. **Finding of Fact :** REVIEW. A finding of fact by a trial court will not, on appeal, be overturned unless clearly erroneous.

3. **Evidence:** JUDGMENT. Evidence examined, and found to sustain the judgment of the trial court.

APPEAL from the district court of Platte county. Heard below before SULLIVAN, J. *Affirmed.*

*B. P. Duffy* and *Wm. O. O'Brien*, for appellant.

*Albert & Reeder, contra.*

HOLCOMB, J.

The plaintiff and appellant, by injunction proceedings, endeavors to restrain the defendants as creditors and sheriff from selling real estate levied upon, under writs of attachment, which he claims as exempt under the homestead law. Upon a trial of the case in the district

court it was found that the land was not a homestead, and judgment was entered accordingly. An appeal has been taken to this court.

There is no serious conflict or contradiction in the testimony, the sole and only question being, what is the proper conclusion to be drawn from the evidence. In substance, the evidence proves, or tends to prove, that the plaintiff was the owner of a farm of one hundred acres near the city of Columbus, which had been occupied by him and his family for a number of years as a homestead. In the fall of 1888 he moved with his family to Columbus, taking with him all of his personal property. Here they resided until June, 1895, or about six and one-half years. During the time of his residence in the city, the farm was occupied and cultivated by different parties, who rented it from the owner. After moving to Columbus, the plaintiff at first lived in rented property. After a year or two he entered into a contract for the purchase of residence property, in which he resided during the remainder of the time he resided in the city. Some payments were made upon the contract of purchase, but it was not finally consummated, and the interest of the plaintiff in the premises was relinquished about the time he removed to his farm in 1895. During the time of his residence in the city he was engaged in business, and generally voted at state and city elections. He did not remove to the farm until after the attachments were levied under which a sale is sought to be enjoined.

His contention is that he removed to the city for the purpose of educating his children, and that he never intended to, nor did he in fact, abandon his homestead right to the farm. While his testimony on the trial of the case tends to prove that no abandonment of the homestead occurred, we think that a consideration of all the evidence in the case throws some doubts on his after assertions, and from it the conclusion may fairly be reached that there was not only an abandonment of, but an intention to abandon, the homestead on the farm and

establish another in the city. The question whether there was actually an abandonment of the homestead is one of fact, to be determined from all the evidence pertinent; and a finding of fact by the trial court, having the opportunity to see and hear the witnesses, observe their demeanor and other circumstances affecting their credibility, will not, under the uniform rulings of this court, be overruled unless clearly erroneous. *Thomas v. Long*, 41 Nebr., 55; *Bickel v. McAleer*, 35 Nebr., 515.

The controversy is entirely one of fact, and the judgment of the trial court, being supported by sufficient evidence, should be and is

AFFIRMED.

SULLIVAN, J., not sitting.